**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
JOEL A. PISANO
JUDGE

USPO & COURTHOUSE
1 FEDERAL SQUARE, ROOM 417
P.O. BOX 999
NEWARK, NJ 07101-0999
(973) 645-3136

**LETTER OPINION**
<u>**ORIGINAL TO BE FILED WITH THE CLERK OF THE COURT**</u>

November 5, 2007

Re:    <u>**Heartland Payment Systems, Inc. v. Jeff Commer**</u>
       **No. 07-2348**

Dear Parties,

     Currently before the Court is Defendant Jeff Commer's ("Defendant" or "Commer") motion to dismiss for lack of personal jurisdiction, or in the alternative, transfer this action to the United States District Court for the Eastern District of Wisconsin. Plaintiff Heartland Systems Inc. ("Plaintiff" or "HPS") opposes Defendant's motion. For the reasons expressed below, Defendant's motion is denied.

**I.**    **Background**

     HPS is a corporation with its principal place of business in Princeton, New Jersey. HPS is engaged in the business of processing electronically transmitted credit and debit card transactions of businesses that accept payment for good and services through credit and debit cards. Between April 23, 2003 and February 7, 2007, Defendant Commer, who is a resident of Wisconsin, worked for HPS in various positions, first as a "Division Manager," then as a "Territory Manager," and lastly as a "Relationship Manager."

     In March 2005, when Commer became a territory manager, he signed a "Territory Manager/Senior Manager Agreement." Then, when he became a Relationship Manager, he signed a "Relationship Manager Agreement." The Territory Manager/Senior Manager Agreement and the Relationship Manager Agreement each contain a forum selection clause. The forum selection clause in Paragraph 11 of the Territory Manager/Senior Manager Agreement provides as follows:

> [a]ny suit, action or proceeding arising out of or relating to this Agreement shall be brought only in Superior Court in the County of Bergen, New Jersey or the United States District Court for the District of New Jersey and TM/STM hereby agrees and consents to the personal and exclusive jurisdiction of said courts over him or her as to all suits, actions and

>    proceedings arising out of or related to this Agreement, and TM/STM further
>    waives any claim that such suit, action or proceeding is brought in an
>    improper or inconvenient forum . . .

(Employment Agreement, attached to the Complaint as Exhibit A.)

The employment agreements also contain a choice of law provision, which provides that New Jersey law governs the terms of the agreement. Further, the employment agreements contain post-employment restrictive covenants, in which, *inter alia*, Commer agreed not to solicit HPS customers for a period of 12 months following his termination, and not to solicit customers for which he was paid a commission for a period of 60 months following his termination.

HPS terminated Commer's employment on February 12, 2007. Commer admits that after he was terminated, he engaged in competition with HPS, notwithstanding the restrictive covenants in his employment agreements. Commer maintains that after receiving a letter from HPS's attorney requesting that he comply with the terms of his employment agreement, he commenced a declaratory judgment action in the Circuit Court in Milwaukee County, State of Wisconsin, seeking a declaration that HPS's restrictive covenants violate a Wisconsin statute, and, as a result, are illegal, void and unenforceable. HPS subsequently filed the instant lawsuit in this Court.

Defendant moves to dismiss the action, or in the alternative, transfer venue, on the grounds that the forum selection clause and choice of law provision in the employment agreement are unenforceable. In response, HPS argues that this Court has jurisdiction over the Defendant and that venue is proper in this Court because the forum selection clause in Defendant's employment agreement is enforceable.

II.   Discussion

In a diversity case, federal law determines the effect given to a forum selection clause. *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 877 (3d Cir. 1995). Forum selection clauses are presumptively valid and enforceable. *Int'l Bus. Software Solutions Inc. v. Sail Labs Tech,* 440 F.Supp.2d 357, 362 (D.N.J. 2006). Under federal law, this presumption can only be rebutted when the party challenging enforcement of the provision can prove fraud, overweening bargaining power, violation of a strong public policy of the forum, or where the selected forum would be so inconvenient as to deprive the party of his day in court. *See Jumara,* 55 F.3d at 880. The Court finds that none of these circumstances exist in this case, and thus, the forum selection clause is enforceable and determinative.

Defendant's counsel conceded at oral argument that the forum selection clause was not procured by fraud or overreaching, but nonetheless contends that the provision violates public policy applicable to state law in Wisconsin. The Court rejects Defendant's contention, however, that this Court should dismiss or transfer this case because of Wisconsin state law regarding

restrictive covenants. Defendant has not identified any public policy rationale of this forum that sufficiently rebuts the presumption that the forum selection clause should be enforced.  In addition, the Court finds that the forum selection clause is unambiguous.  Defendant freely entered into the employment agreement specifying that any suit, action or proceeding arising out of the employment agreement shall be brought only in the Superior Court in the County of Bergen, New Jersey, or in the United States District Court for the District of New Jersey.  In the absence of any showing of fraud, overreaching, or violation of public policy, the Court will honor the choice of forum agreed to by the parties in this case.  Further, the Court finds that this forum is not so inconvenient as to deprive Defendant of his day in Court.

     Accordingly, the Court denies Defendant's motion to dismiss, or, in the alternative, transfer venue.  An appropriate order follows.

     .                                                          /s/ JOEL A. PISANO
                                                                United States District Judge